UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ALICE JONES | ) | CASE NO. |
| 1338 East 92nd Street | ) | |
| Cleveland, Ohio 44106 | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND REINSTATEMENT** |
| SUNSET MANOR HEALTHCARE GROUP, | ) | |
| INC. | ) | **Jury Demand Endorsed Herein** |
| D/B/A Crawford Manor Health Care Center | ) | |
| 1802 Crawford Road | ) | |
| Cleveland, Ohio 44106 | ) | |
| | ) | |
| **Serve also:** | ) | |
| Sunset Manor Healthcare Group, Inc. | ) | |
| c/o Gregory Nicoluzakis, | ) | |
| 23700 Commerce Park | ) | |
| Beachwood, Ohio 44122 | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Alice Jones, by and through undersigned counsel, as her Complaint against

Defendant, states and avers the following:

**PARTIES, JURISDICTION, AND VENUE**

1. Jones is a resident of the city of Cleveland, county of Cuyahoga, state of Ohio.

2. Sunset Manor Healthcare Group, Inc., d/b/a Crawford Manor Health Care Center (hereinafter,

   "Sunset" or "Defendant") is a domestic corporation with its principal place of business located

   at 1802 Crawford Road, Cleveland, Ohio 44106.

3. Sunset was at all times hereinafter mentioned an employer within the meaning of U.S.C. 126

   § 12101 *et seq.* and R.C. § 4112.01 *et seq.*

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Jones is alleging a Federal Law Claim under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* and The Family Medical Leave Act ("FMLA"), 29 U.S.C § 2601, *et seq.*

5. All material events alleged in this Complaint occurred in county of Cuyahoga.

6. This Court has supplemental jurisdiction over Jones's state law claims pursuant to 28 U.S.C. § 1367 as Jones's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

8. Within 300 days of the conduct alleged below, Jones filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2022-00301 against Sunset operating at 1802 Crawford Road, Cleveland, Ohio 44106.

9. On or about April 4, 2022, the EEOC issued and mailed a Notice of Right to Sue letter to Jones regarding the Charges of Discrimination brought by Jones against Sunset in EEOC Agency Charge No. 532-2022-00301.

10. Jones received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1) - which has been attached hereto as Plaintiff's Exhibit A.

11. Jones has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

12. Jones has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

13. Jones is a former employee of Sunset.

14. Jones worked as a STNA.

15. Jones began working for Sunset as a STNA on February 12, 2002.

16. Jones was 41 years old when she began working for Sunset as a STNA.

17. Jones is a member of a protected class based on her age.

18. In or around December 2020, Jones's mother was hospitalized.

19. In or around December 2020, Jones's mother suffered from blood clots in her lungs.

20. Blood clots in the lungs is a serious health condition.

21. In or around December 2020, Jones told Sunset that she was going to need time off work to take care of her mother's serious health condition.

22. Jones invoked her right to apply for and take FMLA leave.

23. At all times material herein, Sunset was a qualified employer under FMLA.

24. In or around December 2020, Sunset did not discuss Jones's eligibility under FMLA.

25. Instead, Sunset harassed Jones for calling off work.

26. Sunset did not harass younger employees for calling off work.

27. On or about January 4, 2021, Jones called off work to care for her mother and could not make it to the morning shift.

28. On or about January 5, 2021, Jones had to call off work to care for her mother and could not make it to the morning shift.

29. On or about January 5, 2021, Jones worked the night shift at a different Sunset location.

30. Sunset had a policy of having employees answer COVID-19 screening questions before going into work.

31. The screening questions include whether the employee had experienced any recent COVID-19 symptoms.

32. The screening questions include whether the employee had been exposed to anyone who tested positive for COVID-19.

33. On or about January 5, 2021, Jones answered both COVID-19 screening questions in the negative.

34. Chelsea Rose is the Administrator at Sunset.

35. Rose was in her 20s while Jones was employed at Sunset.

36. On or about January 6, 2021, Rose called Jones into the office of Ms. O'Donnell for a meeting.

37. O'Donnell is the Director of Nursing at Sunset.

38. O'Donnell was in her 40s while Jones was employed at Sunset.

39. At the January 6, 2021 meeting, O'Donnell and Rose accused Jones of falsifying her COVID-19 screening questions on January 5, 2021.

40. Jones denied the allegation of falsely answering the screening questions.

41. O'Donnell and Rose informed Jones that Gloria Siler reported that Jones had diarrhea.

42. Siler's report against Jones was false.

43. Rose informed Jones that Sunset would investigate the situation and let Jones know the outcome.

44. Siler is a Nurse/Manager at Sunset.

45. Siler is in her 40s.

46. Siler is significantly younger than Jones.

47. At the January 6, 2021 meeting, Rose stated that her belief that Jones had falsified answers to the COVID-19 screening questions was based solely on Siler's allegation that Jones had called off for diarrhea on or about January 5, 2021.

48. On or about January 6, 2021, later in the day, Sunset informed Jones that she was terminated for falsifying answers to the COVID-19 screening test.

49. On or about January 5, 2021, Jones did not have diarrhea.

4

50. On or about January 5, 2021, Jones did not call off work for diarrhea.

51. On or about January 5, 2021, Jones did not call off work to Siler.

52. At the time of her termination, Jones was 60 years of age.

53. Sunset did not investigate the allegation against Jones.

54. Sunset treated Jones unfavorably compared to similarly situated, but significantly younger employees.

55. Sunset took the word of a younger employee over Jones.

56. Sunset's purported reason for Jones's termination is pretext for age discrimination.

57. Sunset's purported reason for Jones's termination is pretext for FMLA retaliation.

58. Sunset did not proffer a legitimate non-discriminatory reason for terminating Jones.

59. Upon information and belief, subsequent to Jones's termination, Sunset hired a younger person to replace Jones.

60. Upon information and belief, Jones's termination allowed Sunset to retain significantly younger employees.

61. As a result of Sunset's conduct, Jones has suffered and will continue to suffer damages.

## <u>COUNT I: AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967</u>

62. Jones restates each and every prior paragraph of this complaint, as if it were fully restated herein.

63. Jones was 60 years old when Sunset terminated her employment.

64. At all times relevant herein, Jones was a member of a statutorily protected class under The Age Discrimination Act of 1967 (ADEA), 29 U.S.C. § 621.

65. Jones, at age 60, was a member of a statutorily protected class under The ADEA, 29 U.S.C. § 621 when she was terminated from her employment with Sunset.

66. Sunset treated Jones differently from other similarly situated employees based on her age.

67. At all times relevant herein, Jones was fully qualified for her position and employment with Sunset.

68. Jones was terminated from her employment on or about January 6, 2021.

69. After terminating Jones, Sunset replaced Jones with a person who was significantly younger and/or not belonging to the protected class under the ADEA, 29 U.S.C. § 621 *et seq.*

70. Sunset violated the ADEA, 29 U.S.C. § 621 *et seq.* by discriminating against Jones based on her age.

71. Jones suffered emotional distress as a result of Sunset's conduct, and is entitled emotional distress damages pursuant to the ADEA, 29 U.S.C. § 621 *et seq*.

72. As a direct and proximate result of Sunset's conduct, Jones suffered and will continue to suffer damages, including economic damages and emotional distress.

## COUNT II: AGE DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

73. Jones restates each and every prior paragraph of this complaint, as if it were fully restated herein.

74. Jones was 60 years old when Sunset terminated her employment.

75. At all times relevant, Jones was a member of a statutorily protected class under O.R.C. § 4112.02.

76. Jones, at age 60, was a member of a statutorily protected class under R.C. § 4112.02 when she was terminated from her employment with Sunset.

77. Sunset treated Jones differently from other similarly situated employees based on her age.

78. At all times relevant herein, Jones was fully qualified for her position and employment with the Defendants.

79. Jones was terminated from her employment on or around January 6, 2021.

80. After terminating Jones, Sunset replaced Jones with a person who was significantly younger and/or not belonging to the protected class under R.C. § 4112.02.

81. Sunset violated O.R.C. § 4112.02 and R.C. § 4112.99 by discriminating against Jones based on her age.

82. Jones suffered emotional distress as a result of Sunset's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

83. As a direct and proximate result of Sunset's conduct, Jones suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT III: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

84. Jones restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

85. Pursuant to 29 U.S.C. § 2601 *et seq*., covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

86. Sunset is a covered employer under the FMLA.

87. During her employment, Jones qualified for FMLA leave.

88. During her employment, Jones attempted to request FMLA leave by asking Sunset if she qualified to take FMLA leave.

89. Sunset failed to properly advise Jones of her rights under the FMLA.

90. Sunset failed to properly advise Jones of her eligibility under the FMLA.

91. Sunset unlawfully interfered with Jones's exercise of her rights under the FMLA in violation of Section 105 of the FMLA and section 825.220 of the FMLA regulations.

92. Sunset violated section 825.300(c)(1) of the FMLA and interfered with Jones's FMLA rights when Sunset failed to discuss Jones's eligibility for FMLA leave.

93. As a direct and proximate result of Sunset's conduct, Jones is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs and reasonable attorney's fees.

## COUNT IV: RETALIATION IN VIOLATION OF THE FMLA

94. Jones restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

95. During her employment, Jones attempted to utilized FMLA leave.

96. Almost immediately after Jones attempted to use her qualified FMLA leave, Sunset retaliated against her.

97. Sunset retaliated against Jones by terminating her employment.

98. Sunset willfully retaliated against Jones in violation of 29 U.S.C. § 2615(a).

99. As a direct and proximate result of Sunset's wrongful conduct, Jones is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## DEMAND FOR RELIEF

WHEREFORE, Jones respectfully requests this Court issue:

(a) An order requiring Sunset to restore Jones to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against Sunset of compensatory and monetary damages to compensate Jones for lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c)  An award of punitive damages against Sunset in an amount in excess of $25,000;

(d)  An award of reasonable attorneys' fees and non-taxable costs for Jones claims as allowable

under law;

(e)  An award of the taxable costs of this action; and

(f)  An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/Fred M. Bean*
Fred M. Bean (0086756)
David E. Byrnes (0086975)
**SPITZ, THE EMPLOYEE'S FIRM**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email:  Fred. Bean@spitzlawfirm.com
David.Byrnes@spitzlawfirm.com

*Attorneys For Plaintiff Alice Jones*

## JURY DEMAND

Plaintiff Alice Jones demands a trial by jury by the maximum number of jurors permitted.

*/s/Fred M. Bean*
Fred M. Bean (0086756)
David E. Byrnes (0086975)
**SPITZ, THE EMPLOYEE'S FIRM**